JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Diane Briscoe, Jonathan Briscoe and Alton Briscoe, a minor
1157 Spruce Street
Chester PA 19013

(b) County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Oxman, Esquire
Oxman Goodstadt Kuritz, 111 South Independence Mall East
Suite 740, Philadelphia PA 19106-2524

## DEFENDANTS
Officer Steven Jackson, Officer Steven Carr and Upland Borough
224 Castle Avenue
Upland PA 19015

County of Residence of First Listed Defendant    Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 340 Marine | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 441 Voting | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / **Habeas Corpus:** | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education / ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. §1983

Brief description of cause:
4th Amendment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____    DOCKET NUMBER _____

DATE 4-12-12

SIGNATURE OF ATTORNEY OF RECORD

---

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Diane Briscoe, Jonathan Briscoe and Alton Briscoe, a minor, through his natural guardian, Diane Briscoe : v. : Officer Steven Jackson, Officer Steven Carr, Upland Borough and Other Unidentified Police Officers | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| 09/12/2012 | _(signature)_ | Diane Briscoe, Jonathan Briscoe and Alton Briscoe |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 665-9999 | (215) 569-8811 | Oxmanj@ogklawyers.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1157 Spruce Street, Chester PA 19013__

Address of Defendant: __224 Castle Avenue, Upland PA 19015__

Place of Accident, Incident or Transaction: __23 Second Street, Upland, PA 19015__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Joseph Oxman__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __9/12/2012__   _____   __207956__
                       Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                     Attorney-at-Law        Attorney I.D.#

CIV. 609 (5/2012)

OXMAN GOODSTADT & KURITZ
BY: JOSEPH S. OXMAN
IDENTIFICATION NO. 207956
BY: HARRY J. OXMAN
IDENTIFICATION NO. 13116
10 EAST 5ᵀᴴ STREET
CHESTER, PA 19013
(610) 876-3488

ATTORNEYS FOR PLAINTIFFS

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DIANE BRISCOE,**<br>1157 Spruce Street<br>Chester, PA. 19013<br><br>**JONATHAN BRISCOE**<br>1157 Spruce Street<br>Chester, PA. 19013<br><br>**ALTON BRISCOE (a minor through his natural guardian Diane Briscoe)**<br>1157 Spruce Street<br>Chester, PA. 19013<br><br>Plaintiffs<br><br>vs.<br><br>**OFFICER STEVEN JACKSON** Upland Borough Police Dept.<br>224 Castle Avenue<br>Upland, PA 19015<br><br>**OFFICER STEVEN CARR**<br>Upland Borough Police Dept.<br>224 Castle Avenue<br>Upland, PA 19015<br><br>**UPLAND BOROUGH**<br>224 Castle Avenue<br>Upland, PA 19015<br><br>And<br><br>**OTHER AS YET UNIDENTIFIED POLICE OFFICERS**<br><br>Defendants | **CIVIL ACTION NO.**<br><br>COMPLAINT FOR VIOLATIONS OF THE 4ᵀᴴ AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, ASSAULT, BATTERY, FALSE ARREST, MALICIOUS PROSECUTION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS<br><br>**JURY DEMANDED** |

Plaintiffs, DIANE BRISCOE, JONATHAN BRISCOE, and ALTON BRISCOE, by way of Complaint against defendants say:

## PARTIES

1. Plaintiff, DIANE BRISCOE, is a citizen of the city of Chester, State of Pennsylvania, residing at 1157 Spruce Street, Chester, Pennsylvania.

2. Plaintiff, JOHNATHAN BRISCOE, is a citizen of the city of Chester, State of Pennsylvania, residing at 1157 Spruce Street, Chester, Pennsylvania, 19013.

3. Plaintiff, ALTON BRISCOE, is a citizen of the city of Chester, State of Pennsylvania, residing at 1157 Spruce Street, Chester, Pennsylvania, 19013.

4. Defendant, BOROUGH OF UPLAND, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, with a principal place of business located at City Hall, 224 Castle Avenue, Upland, Pennsylvania, 19015.

5. Defendants, Officer STEVEN JACKSON and Officer STEVEN CARR are at all times relevant employees of the Upland Borough Police Department located at 224 Castle Avenue, Upland, Pennsylvania, 19015.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. §1983. Plaintiffs were deprived of their rights secured to them under the Constitution and the laws of the United States including, but not limited to, their right to be secure in their person and property and be free from unlawful arrests and seizures, and freedom from imprisonments when no probable cause exists. Plaintiff, DIANE BRISCOE, JOHNATHAN

BRISCOE, and ALTON BRISCOE were arrested and charged without probable cause. While being subjected to these violations, they suffered assaults and sustained severe and permanent injuries to their persons.

7. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over plaintiffs' claims arising under State law, including but not limited to violations of their State Constitutional rights against defendants, false arrest, false imprisonment, assault, malicious prosecution, and intentional and negligent infliction of emotional distress because these claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

9. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

10. Plaintiff, DIANE BRISCOE, at the time of the incident on September 19, 2010, described below, was employed by the City of Chester as a police officer.

11. On September 19, 2010, plaintiffs, DIANE BRISCOE, JONATHAN BRISCOE, and ALTON BRISCOE, were retained by Debra Riggs-Robinson to investigate her house, located at 23 Second Street, Upland, PA. 19015, for suspected paranormal activity on the premises.

12. For some twenty years, plaintiff DIANE BRISCOE, in addition to being employed as a City of Chester Police Officer, has been a self-employed semi-professional paranormal investigator who occasionally has her children, plaintiffs JONATHAN and ALTON

BRISCOE, assist her.

13. On September 19, 2010 at approximately 8:30pm, DIANE BRISCOE had her sons, JONATHAN AND ALTON BRISCOE, assist her with her paranormal investigation of Debra Riggs-Robinson's house.

14. At that time, with no probable cause or legal justification, Officers CARR and JACKSON entered Ms. Riggs-Robinson's house, without a search warrant. Plaintiffs were then forced to the ground at gun point and handcuffed even though plaintiff, DIANE BRISCOE repeatedly told Officers Jackson and Carr that she was a City of Chester Police Officer and that she and her sons had the express permission of Ms. Riggs-Robinson to be on the premises of her house, producing a key for the property, and additionally gave the officers the property owner's phone number.

15. Despite the information given to Officers CARR and JACKSON, neither officer, or any other officer at the scene attempted to contact the owner of the property to verify that the Briscoe's had permission from the owner to be on the premises.

16. Despite the information that DIANE BRISCOE gave Officers Jackson and Carr mentioned in the above paragraph, MS. BRISCOE and her sons JONATHAN and ALTON BRISCOE were arrested and charged with PA CRIMINAL CODE 18 §3503 CRIMINAL TRESPASS and 18 §5503 A2 DISORDERLY CONDUCT.

17. The charges issued against DIANE and JOHNATHAN BRISCOE were dismissed by the Brookhaven Magisterial District Court on November 10, 2010.

18. The charges issued against ALTON BRISCOE were dismissed by the Brookhaven Magisterial District Court on January 19, 2011.

## COUNT I
## PLAINTIFFS VS. OFFICERS STEVEN JACKSON, STEVEN CARR AND UNKNOWN OFFICERS
## RIGHT OF PEOPLE TO BE SECURE IN THEIR PERSONS, 4th AMENDMENT

19. The allegations contained above are incorporated herein as though fully set forth.

20. The above described actions constitute violations of Plaintiffs' constitutionally protected right to be secure in his person as provided by the 4th Amendment of the United States Constitution.

## COUNT II
## PLAINTIFFS VS. OFFICERS STEVEN JACKSON, STEVEN CARR AND UNKNOWN OFFICERS
## FALSE ARREST
## SECTION 1983, CIVIL RIGHTS ACT

21. The allegations contained above are incorporated herein as though fully set forth.

22. The arrest and detention of plaintiffs, by defendants were carried out unlawfully, intentionally and maliciously, without just or probable cause, for the express purpose of trying to justify the illegal arrest of plaintiffs. As such, such actions constitute a false arrest and detention.

23. The arrest and detention of plaintiffs by defendants violated their rights under the United States Constitution and the Pennsylvania Constitution and the Laws of the State of Pennsylvania.

## COUNT III
## PLAINTIFFS VS. OFFICERS STEVEN JACKSON, STEVEN CARR AND UNKNOWN OFFICERS
## DEPRIVATION OF FEDERALLY-PROTECTED RIGHTS
## 4th AMENDMENT

24. The allegations contained above are incorporated herein as though fully set forth in this cause of action.

25. The actions of defendants as police officers were committed under color of and authority of defendant Upland Borough and its police department, and while acting in that

official capacity. The actions or inactions of the defendant the Upland Borough and its police department deprived plaintiffs of their rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment and 42 U.S.C.A. § 1983.

26. Plaintiffs were thereby deprived of rights and immunities secured under the Constitution and Laws of the United States, including but not limited to the right to be secure in their person, to be free from unlawful seizures, arrests and the excessive use of force.

## COUNT IV
## PLAINTIFFS VS. UPLAND BOROUGH
## FAILURE TO TRAIN, SUPERVISE AND DISCLIPLINE UNDER MONNELL

27. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

28. Defendant, Upland Borough and its police department, as a matter of policy and practice failed to discipline, train or otherwise sanction police officers who violate the rights of citizens, including the plaintiffs', thus encouraging defendant officers Jackson and Carr in this case to engage in the unlawful and actionable conduct described above.

29. Defendant, Upland Borough and its police department as a further matter of policy and practice failed to train properly its police officers, including defendant officers Jackson and Carr in this case, with respect to the constitutional, statutory and departmental limits of their authority.

30. At all times herein mentioned, the defendants Officers Jackson and Carr were acting as the agents, servants and/or employees of the defendant and therefore, their acts are attributable to defendant, Upland Borough.

31. The defendant borough and police department were on actual notice of a need to train, supervise, discipline or terminate its defendant officers prior to the incident in question as

other similar incidents have occurred in the past.

## COUNT V
## PLAINTIFFS VS. OFFICERS STEVEN JACKSON, STEVEN CARR AND UNKNOWN OFFICERS
## FAILURE TO INVESTIGATE
## SECTION 1983, CIVIL RIGHTS ACT

32. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

33. Officers Jackson and Carr failed to reasonably interview witnesses readily available at the scene, investigate basic evidence, or otherwise inquire if a crime had been committed at all before invoking the power of a warrantless arrest and detention.

## COUNT V
## PLAINTIFFS VS. OFFICERS STEVEN JACKSON, STEVEN CARR AND UNKNOWN OFFICERS
## ASSAULT AND BATTERY

34. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

35. The above described illegal arrest of plaintiffs constitutes an assault and battery by defendant officers Jackson and Carr as a result of which plaintiffs required medical attention, sustaining severe and significant emotional distress.

## COUNT VI
## PLAINTIFFS VS. OFFICERS STEVEN JACKSON, STEVEN CARR AND UNKNOWN OFFICERS
## MALICIOUS PROSECUTION

36. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

37. The actions of defendants amount to a malicious prosecution under both 28 U.S.C. section 1983 and the common law.

## DAMAGES

38. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

39. As a direct and proximate result of the defendants' conduct, plaintiffs suffered physical pain and suffering in the past and future, severe mental anguish in the past and future suffered, and were deprived of their State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

## ATTORNEY FEES

40. It was necessary for plaintiffs to hire the undersigned attorney to file this lawsuit. upon judgment plaintiffs are entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

41. The above paragraphs are repeated and incorporated herein by reference as if set forth in full. Wherefore, plaintiffs demands judgment against defendants Jackson, Carr, and unknown officers, individually, jointly and/or in the alternative for: compensatory damages, punitive damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

42. The above paragraphs are repeated and incorporated herein by reference as if set forth in full. Wherefore, plaintiffs demands judgment against defendant Upland Borough for: compensatory damages, attorney fees, interest and costs of suit and such relief as the Court may deem just and equitable.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs assert their rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with the Federal Rule 38, a trial by jury on all issues.

Respectfully submitted,

By: _____

Joseph Oxman, Esquire
Harry Oxman, Esquire
Attorneys for Plaintiffs